UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT L. CONRADY,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>PATRICIA BRADLEY,<br><br>　　　　　Respondent. | Case No. 2:20-cv-10561-JWH (MAR)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the records on file, and the Report and Recommendation of the United States Magistrate Judge. The Court has engaged in a *de novo* review of those portions of the report to which the parties have objected.

The Report recommends denial of the Amended Petition and dismissal of this action with prejudice. (ECF No. 80.) The parties' objections to the Report (ECF Nos. 81-82) do not warrant a change to the Magistrate Judge's findings or recommendations.

Respondent objects to the Report's analysis of the procedural-bar issue raised by this case. (ECF No. 81.) As the Report found, neither party cited any case addressing the procedural-bar issue in the context raised here, involving a military conviction. (ECF No. 80 at 37.) Given the uncertain nature of the procedural-bar question in this context, the Court elects to resolve Petitioner's claim on the merits. *See Franklin v. Johnson*, 290 F.3d 1223, 1232 (9th Cir. 2002) ("Procedural bar issues are not infrequently more complex than the merits issues presented by the appeal, so it may well make sense in some instances to proceed to the merits if the result will be the same.") (citing *Lambrix v. Singletary*, 520 U.S 518, 525 (1997)).

Petitioner objects that his attorneys were ineffective for failing to fulfill the promises made in opening statements. (ECF No. 82 at 8-12.) The alleged promises were that counsel would show (1) the sexual abuse accusations against Petitioner were used as "trump cards" during an "ongoing" custody battle; and (2) the victims' accusations of abuse were tainted. (ECF No. 62-1 at 64.) The Court concurs with the Report that, to the extent such promises could be construed from the opening statement, counsel did elicit testimony on these points. (ECF No. 80 at 52.) Counsel elicited testimony about Petitioner's involvement in contentious custody battles, including Petitioner's custody battle with his ex-wife over custody of their two biological children, as well as testimony about the

reliability of one of the children's accusations. (ECF No. 71 at 273-81, 283-85, 293-95, & 323-24.)

Petitioner objects that his attorneys were ineffective for failing to present favorable evidence because they wrongly believed Petitioner would be acquitted. (ECF No. 82 at 12-14.) It is disputed whether counsel actually believed this or expressed it to others. (ECF No. 63-22 at 8; ECF No. 63-23 at 13; ECF No. 78 at 6-7, 11-12.) But even if it is assumed counsel did believe an acquittal was certain and expressed it to others, Petitioner has not demonstrated ineffective assistance based on the subsequent decision not to present evidence. Petitioner relies on *Pavel v. Hollins*, 261 F.3d 210 (2d Cir. 2001), for the proposition that counsel was ineffective for "failing to present favorable evidence because [he] wrongly believed that [Petitioner] would be acquitted." (ECF No. 82 at 13.) In *Pavel*, the attorney believed, wrongly, a motion to dismiss would be granted, which made it apparent his "decision as to which witnesses to call was animated primarily by a desire to save himself labor" and by a goal of "mainly avoiding work." *Pavel*, 261 F.3d at 218. Here, however, nothing suggests that Petitioner's attorneys were trying to save themselves labor or were caught unprepared to defend Petitioner at trial. *See Jackson v. Yates*, 2008 WL 111232, at *11 (N.D. Cal. Jan. 9, 2008) (distinguishing Pavel where "there is no evidence that defense counsel failed to call . . . witness[es] because [they] sought to avoid working on petitioner's case"). To the contrary, as the Report found, Petitioner's attorneys "engaged in protracted cross-examination of the prosecution's witnesses and challenged the prosecution testimony during closing argument." (ECF No. 80 at 44-45 (citing cases)). Petitioner therefore failed to overcome the "strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance." *Strickland v. Washington*, 466 U.S. 668, 689 (1984).

It is therefore **ORDERED** as follows:

1. The findings and recommendation of the Magistrate Judge are **ACCEPTED** and **ADOPTED**.
2. The Petition is **DENIED**.
3. Judgment shall be entered **DISMISSING** the action **with prejudice**.

**IT IS SO ORDERED.**

Dated: March 14, 2025

Honorable John W. Holcomb
UNITED STATES DISTRICT JUDGE